1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| J.Z., | Case No. 20-cv-00154-LB |
| Plaintiff, | |
| v. | **ORDER GRANTING THE PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES** |
| KILOLO KIJAKAZI, | |
| Defendant. | Re: ECF No. 39 |

## INTRODUCTION

The court previously granted the plaintiff's motion for summary judgment and remanded the action to the Social Security Administration for further proceedings.[1] On remand, the plaintiff received a past-due benefits award.[2] Pursuant to the representation agreement with her client, the plaintiff's counsel now seeks fees of $74,500.00, which is twenty-five percent of past-due benefits received and within the limit according to 42 U.S.C. § 406(b).[3] The court can decide this matter without oral argument. *See* Civil L.R. 7-1(b). The court grants the motion.

---

[1] *See* Order – ECF No. 34. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents. Plaintiff's counsel also represented the plaintiff in an earlier action before this court. *See J.Z. v. Comm'r of Soc. Sec.*, No. 3:17-cv-02715-LB.

[2] Notice of Award – ECF No. 36 at 1–4.

[3] Mot. – ECF No. 39; *see also* Representation Agreement – ECF No. 39-1.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**STATEMENT**

The Commissioner awarded the plaintiff $298,188.92.[4] The court previously awarded $4,520.00 in attorney's fees under the Equal Access to Justice Act (EAJA) in this case as well as $4,799.00 in attorney's fees under the EAJA in the plaintiff's 2017 case against the Commissioner of Social Security.[5]

The plaintiff has a fee agreement with his lawyer that provides for a twenty-five percent contingency fee award as of the final decision, which makes $298,188.92 the relevant amount.[6] The plaintiff's attorney seeks $74,500.00 in fees, which is within twenty-five percent of $298,188.92. The Commissioner filed a response to the plaintiff's counsel's motion asking the court to consider the reasonableness of the fee award and order the plaintiff's counsel to refund the EAJA fees to the plaintiff.[7] The plaintiff's counsel agreed that she will refund the EAJA fees.[8]

**ANALYSIS**

Under 42 U.S.C. § 406(b), "[w]henever a court renders a judgment favorable to a [social security] claimant . . . , the court may determine and allow as part of its judgment a reasonable fee" for the claimant's counsel, which can be no more than 25% of the total of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court has rendered a judgment favorable to a claimant by reversing an earlier determination by an ALJ and remanding for further consideration, the court may calculate the 25-percent fee based upon any

---

[4] Mot. – ECF No. 39 at 7; Notice of Award – ECF No. 39-3; Comm'r.'s Response to Mot. – ECF No. 42.

[5] Order – ECF No. 38; *J.Z. v. Comm'r of Soc. Sec.*, No. 3:17-cv-02715-LB, Order – ECF No. 38.

[6] Representation Agreement – ECF No. 39-1.

[7] Comm'r.'s Response to Mot. – ECF No. 42 at 2–3.

[8] Mot. – ECF No. 39 at 1, 5.

1    past-due benefits awarded on remand. *See, e.g.*, *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009)

2    (en banc).

3          In considering a motion for attorney's fees under § 406(b), the court must review counsel's

4    request "as an independent check" to ensure that the contingency fee agreement "yield[s]

5    reasonable results." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does

6    not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs

7    courts to review for reasonableness fees yielded by those agreements." *Id.* at 808–09. To evaluate

8    the reasonableness of a fee request under § 406(b), the court considers the character of the

9    representation and the results achieved. *Id.* at 808; *see also Crawford*, 586 F.3d at 1151. This

10   includes analyzing whether substandard representation justifies awarding less than twenty-five

11   percent in fees; any delay in the proceedings attributable to the attorney requesting the fee;

12   whether the benefits of the representation are out of proportion to time spent on the case; and the

13   risk counsel assumed by accepting the case. *See Crawford*, 586 F.3d at 1151–52 (citing *Gisbrecht*,

14   535 U.S. at 808). If an attorney "is responsible for delay. . . a reduction [of fees] is in order so that

15   the attorney will not profit from the accumulation of benefits during the pendency of the case in

16   court." *Gisbrecht*, 535 U.S. at 808 (cleaned up); *see also Crawford*, 586 F.3d at 1151.

17         The court must offset an award of § 406(b) attorney's fees by any award of fees granted under

18   the EAJA. *Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec.*, 698 F.3d 1215, 1218 (9th

19   Cir. 2012).

20         The twenty-five percent contingency-fee agreement is within 42 U.S.C. § 406(b)(1)(A)'s

21   statutory ceiling, and the amount is reasonable. Counsel's work on the plaintiff's cases before this

22   court was not substandard; in fact, the plaintiff's counsel succeeded in having both cases

23   remanded to the Social Security Administration.[9] She has not caused any delay in the proceedings.

24   In addition, the time spent on work before this court — 44 attorney-hours and 6.3 paralegal-hours

25   on both cases before this court — is not out of proportion to the fee award. *See Crawford*, 586

---

[9] Order – ECF No. 34; *J.Z. v. Comm'r of Soc. Sec.*, No. 3:17-cv-02715-LB, Order – ECF No. 31.

United States District Court
Northern District of California

1   F.3d at 1145 (awarding $21,000 in fees where fees represented 19.5 attorney-hours and 4.5

2   paralegal-hours of work).

3       In short, the court finds that the plaintiff's counsels request for $74,500.00 in attorney's fees is

4   reasonable. Because the plaintiff was previously awarded $9,319.00 in attorney's fees under the

5   EAJA, and those fees were paid to the plaintiff's counsel, the attorney's fees awarded here must be

6   offset by $9,319.00. *Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec.*, 698 F.3d at

7   1218. Accordingly, the court concludes that the plaintiff's counsel is entitled to $65,181.00 in

8   attorney's fees pursuant to 42 U.S.C. § 406(b).

9

10                          **CONCLUSION**

11      The court grants the plaintiff's counsel's motion and awards $65,181.00 in attorney's fees

12   pursuant to 42 U.S.C. § 406(b).

13

14      **IT IS SO ORDERED.**

15      Dated: August 16, 2024

16                                          _____
17                                          LAUREL BEELER
                                            United States Magistrate Judge
18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California