UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| K.J.,<br><br>        Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, et al.,<br><br>        Defendants. | Case No. 23-cv-03990-LB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES PURSUANT TO THE EQUAL JUSTICE ACT, 28 U.S.C. § 2412**<br><br>Re: ECF No. 20 |

    The plaintiff moves for an award of attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. §2142.[1] He previously sought judicial review of a final decision by the Commissioner of the Social Security Administration denying his claim for supplemental security income (SSI), and this court granted the plaintiff's motion for summary judgment, denied the Commissioner's cross-motion, and remanded for the calculation of benefits.[2] The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or

---

[1] Mot. – ECF No. 20. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Compl. – ECF No. 1; Order – ECF No. 18

ORDER – No. 23-cv-03990-LB

that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A claimant who receives a sentence four remand order in a Social Security case is a prevailing party for EAJA purposes. *Shalala v. Shaefer*, 509 U.S. 292, 301–02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). Recoverable fees and expenses include reasonable expenses of expert witnesses, reasonable costs of any study, analysis, report, test, or project found by the court to be necessary for the prevailing party's case, and reasonable attorney's fees. 28 U.S.C. § 2412(d)(2)(A). Here, the amount of the fees is $10,406.73, and the Commissioner does not contest either the justification or the amount.[3] The court authorizes those fees. The only issue is that the Commissioner must verify whether the plaintiff has any outstanding federal debts and offset the fee payments to his attorney accordingly. *See Astrue v. Ratliff*, 560 U.S. 586 (2010).

**IT IS SO ORDERED.**

Dated: August 20, 2024

_____
LAUREL BEELER
United States Magistrate Judge

---

[3] Mot. – ECF No. 20; Response – ECF No. 21.